IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION PLAN and CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL HEALTH & WELFARE PLAN, CHICAGO AND VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE PLAN, and CATHERINE WENSKUS, Administrator of the Plans. <br><br> Plaintiffs, <br><br> v. <br><br> ACCURATE CONSTRUCTION SITE SERVICES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs Chicago & Vicinity Laborers' District Council Pension Plan and Chicago & Vicinity Laborers' District Council Health & Welfare Plan, the Chicago & Vicinity Laborers' District Council Retiree Health & Welfare Plan (the "Plans"), Plaintiff Catherine Wenskus ("Wenskus"), Administrator of the Plans, by their undersigned attorneys, and for their Complaint against Defendant Accurate Construction Site Services, Inc., state as follows:

### COUNT I

### (Failure To Pay Employee Benefit Contributions)

1. Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

3. The Plans are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Plans have offices, conduct business and are administered within this District. Wenskus is the Administrator of the Plans, and has been duly

authorized by the Plans' Trustees to act on behalf of the Plans in the collection of employer contributions owed to the Plans and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Plans of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Plans within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4. Defendant Accurate Construction Site Services, Inc. (hereinafter "The Company"), is an Illinois corporation in good standing. The Company does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

5. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company, which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Plans' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

6. The Plans have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Trust Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), [the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Builders' Association of Greater Chicago ("BAC"), the Illinois Road Builders Association ("IRBA"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Chicago Area Independent Contractors Association ("CAICA"), the Illinois Small Pavers Association ("ISPA"). the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), and the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor

Management Committee Cooperative ("LDCMC"), to act as an agent in the collection of contributions due to those funds.

7. The Agreement and the Plans' respective Agreements and Declarations of Trust, the Retiree Welfare Plan's Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Plans remitted on behalf of each covered employee. Pursuant to the terms of the Agreement, the Plans' respective Agreements and Declarations of Trust, the Retiree Welfare Fund Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

8. The Agreement, the Plans' respective Agreements and Declarations of Trust, the Retiree Welfare Fund's Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust (collectively referred to as "Trust Agreements), obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits and for the training fund, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee. Pursuant to the terms of the Trust Agreements contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9. The Agreement further obligates the Company to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

10. Notwithstanding the obligations imposed by the Agreement, the Company has:

(a) failed to cooperate as necessary with auditors designated by the Funds in the conduct of a payroll audit for the period August 5, 2019 to the present, and;

(b) failed to procure, carry, and maintain the surety bond required by the Agreement.

11. The Company's actions described above violate Section 515 of ERISA, 29 U.S.C.

§1145, and Section 301 of the LMRA. 29 U.S.C. §185.

12. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of the Funds' Trust Agreements, the Company is liable to any amounts owed, as well as interest and liquidated damages on unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs Funds respectfully requests this Court enter a judgment against the Company requiring the Company to submit to an audit; holding the Company liable for any amounts owed to date together with all accrued delinquencies after suit, interest, liquidated damages, attorneys' fees and costs; and granting such other and further relief as the Court shall deem just in the premises.

By: /s/Karen I. Engelhardt
Attorneys for Plaintiffs

Karen I. Engelhardt
Alyssa Busse
ALLISON, SLUTSKY & KENNEDY, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400

October 9, 2020